# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PEARL BURRELL,

    Plaintiff,

v.

PACIFICA SOLEVITA, LLC, *et al.*,

    Defendants.

Case No.: 2:18-cv-00883-APG-NJK

ORDER

(Docket Nos. 4, 6, 7)

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 4. On May 16, 2018, Plaintiff filed a complaint alleging issues with her housing conditions and subsequent retaliatory conduct. *See generally* Docket No. 1-1. On May 16, 2018, the Court ordered Plaintiff to show cause why the case should not be dismissed without prejudice due to Plaintiff's failure to assert either federal question jurisdiction or diversity jurisdiction. Docket No. 3. Plaintiff has now filed a response and an amended response to the Court's order to show cause. Docket Nos. 5, 6.[1]

//

---

[1] The Court ordered Plaintiff to response to the order to show cause no later than June 20, 2018. On May 23, 2018, Plaintiff filed a response. Docket No. 5. On June 18, 2018, Plaintiff filed an amended response. Docket No. 6. Therefore, the Court does not address Plaintiff's response at Docket No. 5.

1

Plaintiff has also filed an amended complaint.[2] Docket No. 7.

## I.   *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 4. The Court concludes that Plaintiff has an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's amended complaint.

## II.   Screening Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679.

---

[2] Plaintiff filed her amended complaint prior to the Court's screening order. Docket No. 7. Therefore, the Court does not screen Plaintiff's original complaint and, instead, screens her amended complaint.

Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

### A. Subject Matter Jurisdiction

Plaintiff submits that the Court has both federal question jurisdiction and diversity jurisdiction. *See generally* Docket No. 6.

#### 1. Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* Docket No. 3.

In the instant case, Plaintiff's amended response to the order to show cause and amended complaint assert claims under the Program Fraud Civil Remedies Act of 1986, the Civil Rights Act of 1964, the Fair Housing Act, and the First Amendment of the United States Constitution. Docket No. 6 at 1; *see also* Docket No. 7 at 11, 22-23. Claims under these statutes and the U.S. Constitution invoke the Court's federal question jurisdiction.[3]

---

[3] At this time, the Court makes only a threshold inquiry into federal question jurisdiction, but notes that Plaintiff asserts nearly identical factual allegations in her original complaint as in the amended complaint, often only adding federal statues in parentheses, without providing further factual allegations invoking federal law. *Compare, e.g.*, Docket No. 1-1 at 13 ("As a result of

2.     Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. In the instant case, Plaintiff fails to demonstrate that the Court has subject matter jurisdiction based on diversity. Plaintiff submits that only two Defendants, Pacifica Companies and Pacifica S.D. Management, are headquartered in California and, therefore, are diverse. Docket No. 6 at 2; *see also* 28 U.S.C. § 1332(c)(1). As to the remaining two Defendants, Plaintiff fails to sufficiently assert diversity of citizenship. *Id*. (Plaintiff submits that "Pacific Solevita LLC is listed as [the] owner of [the] property where Plaintiff resides" and that Solevita Condominiums Homeowners Association is registered as a non-profit under Nevada law); *see Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) (stating that to establish diversity, the plaintiff must be a citizen of a different state than *each* defendant) (emphasis added). Plaintiff also fails to show that the amount in controversy exceeds $75,000. Docket No. 7 at 2, 30-31.[4] The Court therefore finds that Plaintiff fails to establish diversity jurisdiction.

B.     Failure to State a Claim

Although the Court construes complaints drafted by *pro se* litigants liberally, they still must comply with the basic requirements of Rule 8. *See, e.g.*, *Montgomery v. Las Vegas Metropolitan*

---

Defendants' actions or failures to act as herein alleged, the [p]roperty at all material times has lacked or continues to lack many of the affirmative standard characteristics identified in (NRS 118A)") *with* Docket No. 7 at 15 ("As a result of Defendants' actions or failures to act as herein alleged, the [p]roperty at all material times has lacked or continues to lack many of the affirmative standard characteristics identified in (the Fair Housing Act of 1968) and (NRS 118A)"); *see also infra* Section II(B).

[4] A representation of the amount in controversy must be supported by facts; a conclusory assertion of the amount in controversy is insufficient. *See, e.g.*, *Morton v. CVS Corp.*, 2016 U.S. Dist. LEXIS 137665, at *5-6 (D. Nev. Oct. 4, 2016) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-1091 (9th Cir. 2003) and *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp.2d 1227, 1232 (N.D. Cal. 2000)). Plaintiff's conclusory assertion that the amount in controversy will exceed $75,000 is insufficient to establish diversity jurisdiction. Docket No. 7 at 2.

*Police Dept.*, 2014 U.S. Dist. LEXIS 102491, at *5 n.3 (D. Nev. July 28, 2014). Rule 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." *See* Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.).

To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). "Where claims are brought against multiple defendants, it is important that the complaint concisely alleges which defendants are liable for which wrongs. Similarly, where multiple claims are brought, the complaint should make clear which factual allegations give rise to each of the various causes of action." *Montgomery*, 2014 U.S. Dist. LEXIS 102491, at *5 (discussing *McHenry*, 84 F.3d at 1178).

As a preliminary matter, Plaintiff's 32-page amended complaint is not "short and plain." *See generally* Docket No. 7. Plaintiff alleges seven causes of action, including breach of covenant of quiet enjoyment, negligence, discrimination, and intentional infliction of emotional distress, iterating anecdotal interactions with various individuals over the course of one year. *Id.* Second, although Plaintiff alleges violations of three federal statutes and the First Amendment, even construed liberally, the amended complaint fails to state the claims in a coherent manner and does not provide sufficient factual allegations to support each cause of action.[5] In particular, Plaintiff's amended complaint becomes convoluted when she cites to multiple federal statutes and the First Amendment in the same sentence. *Id.* at 23 ("Defendants violated [plaintiff's] right under ([31] U.S.C. [§] 12203) [42] U.S.C. §3617 (1964-1968 Fair Housing Act) (First Amendment of free speech and expression) and NRS118.510").

Lastly, in order to comply with Rule 8 when bringing claims against multiple defendants, Plaintiff must allege which Defendant(s) are liable for which wrong(s) with respect to each claim. *Montgomery*, 2014 U.S. Dist. LEXIS 102491, *5. Although the amended complaint states that

---

[5] *Pro se* pleadings must be liberally construed. *See Hebbe*, 627 F.3d at 342 & n. 7.

5

"[u]nless otherwise noted, all Defendants will hereinafter be collectively referred to as Defendants," Plaintiff fails to apply the factual allegations in the amended complaint to specific Defendants. Docket No. 7 at 4. For example, in alleging a cause of action for discrimination, Plaintiff submits that, "Defendant on June 3, 2018 made a statement to Plaintiff that '[y]ou people are always posing a problem' and ['t]hat's why they don't like renting to you.'" *Id.* at 22. It is unclear, however, which Defendant made this statement, and how the federal statues cited apply to these factual allegations.

Quite simply, the amended complaint fails to satisfy Rule 8. The Court will, however, allow Plaintiff a second opportunity to amend her complaint to cure its deficiencies.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Docket No. 4. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. Plaintiff's amended complaint is **DISMISSED** with leave to amend. Docket No. 7. Plaintiff will have until August 31, 2018, to file a second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend her amended complaint, she is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or the first amended complaint) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint and any previous amended complaints. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint and any previous complaints no longer serve any function in the case. Therefore, in a second amended complaint, as in an original

6

complaint and any previous amended complaints, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

Dated: July 27, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge